IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANTHONY MENA,<br>        Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-26-CV-501-DCG |
| UNITED STATES OF AMERICA,<br>        Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony Mena, a federal pretrial detainee at the West Texas Detention Center in Sierra Blanca, Texas, challenges his indictment for transporting aliens for financial gain and conspiracy to transport aliens through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] His petition is dismissed.

## BACKGROUND

On December 5, 2025, a Border Patrol Officer from Fort Handcock, Texas, observed a grey Hyundai sedan which matched the description of a vehicle possibly used for illicit activities. *United States v. Mena*, 3:25-cr-03118-DCG (W.D. Tex.), Criminal Complaint, ECF No. 1. Shortly after the Hyundai passed his location, all officers in the area received a report of a nearby sensor activation. Shortly thereafter, a second officer watched the Hyundai merge onto Interstate 10 and saw several individuals in the back seat attempting to conceal themselves. Multiple officers subsequently conducted an investigatory stop on Interstate 10 and encountered the driver, Anthony Mena, and four individuals who had illegally entered the United States. The officers advised Mena of his rights and obtained his admission that a co-conspirator had provided the Hyundai with the

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in cases filed in this District. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

understanding that Mena would pick up illegal aliens and take them to a gas station in El Paso, Texas. The officers also obtained Mena's admission that the co-conspirator had paid his house bills, and Mena had smuggled aliens in the past.

A grand jury returned a two-count indictment which alleged Mena both transported aliens for financial gain and conspired with others to transport aliens:

<u>**COUNT ONE**</u>

On or about December 5, 2025, in the Western District of Texas, Defendant,

**ANTHONY MENA**,

knowing and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, transported and moved, and attempted to transport and move such aliens within the United States in furtherance of said violation of law, all done for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(B)(i).

<u>**COUNT TWO**</u>

Beginning on or about December 5, 2025, in the Western District of Texas, Defendants,

**ANTHONY MENA**,

Knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury unknown, to commit an offense against the United States, namely: to transport and move and attempt to transport and move aliens within the United States knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, said transportation being in furtherance of said violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i).

*Id*., Indictment, ECF No. 13. Mena waived his appearance at arraignment and entered a plea of not guilty. *Id*., Waiver, ECF No. 18. His cause was rescheduled for a docket call on March 4, 2026. *Id*., Order, ECF No. 21. He remained in detention at the time he filed his petition. *See* Order, ECF

No. 12.

In his petition, Mena claims that he has been charged twice for the same offense, in violation of the Double Jeopardy Clause. Pet'r's Pet., ECF No. 1-1 at 2, 5. He maintains that he has raised the issue with his lawyer, but his lawyer "doesn't see what [he] sees." *Id.* at 4. He asks that the Court correct his sentencing guidelines, put [his] judge under judicial review, and … release [him] from false imprisonment." *Id.* at 7.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

As a preliminary matter, however, a reviewing court must determine whether the petitioner properly raised a claim in a § 2241 petition. If the reviewing court finds "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see also* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

## ANALYSIS

Pretrial habeas relief is available to a federal pretrial detainee only "in rare and exceptional cases." *Johnson v. Hoy*, 227 U.S. 245, 247 (1913) (citations omitted). Courts "should withhold relief ... where an adequate remedy available in the criminal proceeding has not been exhausted."

*Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) (citations omitted). Indeed, "the settled principle [is] that a writ of habeas corpus may not be used ... as a substitute for the ordinary proceedings of a trial court." *U.S. ex rel. Palma v. Saegert*, 251 F.2d 59 (5th Cir. 1957)).

In this case, there are no rare and exceptional circumstances warranting consideration of Mena's pre-trial writ as a substitute for a pretrial motion or, if he is convicted, a direct appeal. Mena's arguments should be presented and reached in the orderly administration of justice, and not through a petition for a writ of habeas corpus.

## CONCLUSION AND ORDER

It appears from the face of Mena's petition and the record in cause number 3:25-cr-03118-DCG that Mena has adequate remedies available in his pending criminal proceedings. He cannot meet his burden of showing that he is in custody in violation of the Constitution or laws or treaties of the United States. Consequently, he is not entitled to § 2241 relief.

The Court accordingly enters the following orders:

**IT IS ORDERED** that Petitioner Anthony Mena's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 24th day of February 2026.

_____
**DAVID C GUADERRAMA
SENIOR UNITED STATES DISTRICT JUDGE**

4